UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MAGDALINA KALINCHEVA, M.D.,

    Plaintiff,

v.                                                      Case No. 2:13-cv-351
                                                      HON. ROBERT HOLMES BELL

JESSE NEUBARTH,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Magdalina Kalincheva, M.D., filed this civil action pursuant to 28 U.S.C. § 1331 against Defendant Jesse Neubarth. Plaintiff claims that she came from Bulgaria to California in order to marry Defendant, that they divorced in 1992, and that Defendant has since failed to fulfill his obligation to support her financially based on an "I-864" immigration form that Defendant signed. Plaintiff contends that the divorce did not terminate Defendant's obligation to provide her with financial support. Plaintiff also asserts a variety of other wrongful acts by the Defendant, specifically:

> [S]tolen life 88 years, 44 murders of my children/grandchildren/-KingGeorge/parents. Restitution Compensation total forfeiture instead divorce modification marriage Four Children by Plaintiff my life my children my family our future 88 years prosperity had to be done in 1992.

*See* Plaintiff's complaint, p. 1, docket #1.

Plaintiff claims that Defendant persuaded her to marry him by engaging in fraud, he promised that she would never have to work or be homeless, he implied she would own a house and

a car, and that she would have sufficient income from rental properties to support herself if necessary. Plaintiff also claims that she expected to have children immediately and that Defendant made her take birth control, which caused her to have a miscarriage. Plaintiff states that the house was a health hazard, that it had sewer problems, and that it was infested with cockroaches, lice, possum rats, deadly mold and termites. *See* Plaintiff's complaint, pp. 27-29, docket #1. Plaintiff alleges:

> Jesse had one very large palm size cockroach as a pet by mail order and was placing it in my bed to suck my blood and while we were married. In the morning I saw large swelling and blood bite wounds on my legs. After he moved Jesse is still bringing large cockroaches from Bakersfield - eating me alive murder Link.

*Id.*, p. 29, docket #1. Plaintiff's complaint contains numerous similar allegations, including claims that Defendant is a "schizophrenic murderer sadist."

Plaintiff claims that Defendant's conduct violates her rights under federal law. Plaintiff seeks damages and equitable relief.

Initially, the undersigned notes that both Plaintiff and Defendant reside in California. In addition, the claims asserted in the complaint arose in California. Therefore, it does not appear that this court is the proper venue for Plaintiff's cause of action. Pursuant to 28 U.S.C. § 139(b), venue in a non-diversity action is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, Plaintiff's claims may be dismissed for lack of venue.

The undersigned further notes that Plaintiff appears to have filed similar actions in at least six other jurisdictions. *See Kalincheva v. Neubarth,* C.A. No. 12–2231 (Aug. 27, 2012 E.D. Cal.); *Kalincheva v. Neubarth,* C.A. No. 13–384 (Feb. 20, 2013 S.D. Cal.); *Kalincheva v. Neubarth,* C.A. No. 13–1391 (Jul. 12, 2013 E.D. Cal.); *Kalincheva v. Neubarth,* C.A. No. 13–1601 (Aug. 2, 2013 E.D. Cal.); *Kalincheva v. Neubarth,* C.A. No. 13–1676 (Aug. 14, 2013 E.D.Cal..); *Kalincheva v. Neubarth,* C.A. No. 13–3212 (Jul. 11, 2013 N.D. Cal.); *Kalincheva v. Neubarth,* C.A. No. 13–3294 (Jul. 15, 2013 N.D. Cal.); *Kalincheva v. Neubarth,* C .A. No. 13–789 (Apr. 3, 2013 S.D. Cal.); and *Kalincheva v. Neubarth,* C.A. No. 13–1046 (May 1, 2013 S.D. Cal.); *Kalincheva v. Neubarth,* Case No. CIV–13–963 (Sept. 9, 2013 D. Okla.); *Kalincheva v. Neubarth,* C.A. No. 13–40110 (Sept. 10, 2013 D. Mass.); *Kalincheva v. Neubarth*, 2013 WL 6170879 (N.D. Ind. Nov. 21, 2013).

In *Kalincheva v. Neubarth*, 2013 WL 6170879 (N.D. Ind. Nov. 21, 2013), Plaintiff raised identical claims as those being asserted in the instant case and the court found that it lacked personal jurisdiction over Defendant Neubarth, lacked subject matter jurisdiction over the case, and that even if it had jurisdiction, Plaintiff's complaint was frivolous and failed to state a claim upon which relief could be granted. *Id.* at *2.

Following a careful review of Plaintiff's complaint, the undersigned concludes that there is absolutely no indication that either party has any connection to Michigan. As noted by the court in the Northern District of Indiana, "[a]sserting jurisdiction over Neubarth with such a complete lack of connection would violate the Due Process of the Fourteenth Amendment." *Id.* at *2 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

With regard to subject matter jurisdiction, Plaintiff claims federal question jurisdiction pursuant to 28 U.S.C. § 1331. As stated by the court in *Kalincheva v. Neubarth*, 2013 WL 6170879 (N.D. Ind. Nov. 21, 2013):

> The closest Kalincheva comes to a possible rational argument for a claim is her reference to a breach of contract related to immigration Form I–864, an Affidavit of Support that a sponsor signs on behalf of someone seeking to immigrate to the United States. At first glance it appears that this may be a viable federal claim in some federal court (although not this one, as discussed above). But Kalincheva has already had this specific claim rejected by the Eastern District of California. *Kalincheva v. Neubarth,* C.A. No. 12–2231 (Aug. 27, 2012 E.D. Cal.). In that case, the court explained that the immigration form carrying contractual obligations to the government and to the sponsored immigrant, and therefore conveying a private right of action, was created pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"). Plaintiff married Defendant in 1991, they divorced in 1992, and the Affidavit of Support that Neubarth signed for Kalincheva (attached to the complaint in this case) is a version of the I–134 last revised on 12–1–84, per the Form. *Kalincheva v. Neubarth,* C.A. No. 12–2231, Findings and Recommendations filed Oct. 25, 2012; Complaint at 31, 44, 47; DE 1–1 at 3. "That I–134 form did not carry with it the same contractual obligations imposed by the I–864 Form, and thus ' "the contractual obligations imposed by the IIRIRA on an affidavit of support made on an I–864 Form do not attach to affidavits of support made on an old I–134 Form." ' " *Kalincheva v. Neubarth,* C.A. No. 12–2231, Findings and Recommendations filed Oct. 25, 2012 at 5–6; *see also, e.g., Rojas–Martinez v. Acevedo–Rivera,* 2010 U.S. Dist. LEXIS 56187, at *9, 2010 WL 2404437 (D.P.R. June 8, 2010) ("[I]t has been held that Form I–134 is not a binding contract between the parties; thus, Plaintiff, the sponsored immigrant, cannot enforce its terms.") (collecting cases); *Tornheim v. Kohn,* 2002 U.S. Dist. LEXIS 27914, at *11, 2002 WL 482534 (E.D.N.Y. Mar. 26, 2002) ("[T]he contractual obligations imposed by the IIRIRA on an affidavit of support made on an I–864 Form do not attach to affidavits of support made on an old I–134 Form."). Because the Form that Neubarth signed does not convey a private right of action, Kalincheva's claim based on the Form does not arise under federal law, and this Court therefore lacks jurisdiction.

*Id.* at *3.

The district court in Indiana further noted that Plaintiff's remaining claims regarding her marriage and divorce are state law claims, and that federal courts have repeatedly declined to assert jurisdiction over divorces that present no federal question. *Id.* at *4. For the same reasons as those cited by the court in Indiana, the undersigned concludes that this court lacks subject matter jurisdiction over Plaintiff's claims.

Finally, the undersigned notes that even if this court had jurisdiction in this case, the claims asserted in Plaintiff's complaint appear to be frivolous:

> Sometimes, complaints are so wacky that they show that the person filing it is simply delusional. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir.2002); *Lawrence v. Interstate Brands,* 278 Fed. Appx. 681, 683–84 (7th Cir.2008); *Holland v. City of Gary,* 503 Fed. Appx. 476, 477–78 (7th Cir.2013). Unfortunately, this is one of those cases. For the reasons discussed above, Plaintiff's allegations are frivolous and must be dismissed.

*Id.*

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends dismissal of this action, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If she is barred, she will be required to pay the $455 appellate filing fee in one lump sum.

Finally, should the court adopt the report and recommendation, Plaintiff's pending motions (Docket Nos. 4-8 and 13-20) are properly denied as moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 18, 2013